IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGIA INGRAM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. |
| TARGET CORPORATION, | ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Target Corporation ("Target"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama. In support of this notice, Target states as follows:

**I.     THE STATE COURT ACTION**

1. On or about March 24, 2017, Plaintiff Georgia P. Ingram, ("Plaintiff") filed a civil action in the Circuit Court of Jefferson County, Alabama, styled as *Georgia P. Ingram v Target Corporation*, Case No. 01-CV-2017-901214.

2. The allegations in the Complaint relate to injuries the Plaintiff, Georgia P. Ingram, allegedly suffered while on the premises of the Target store located in Fultondale, Jefferson County, Alabama. The Complaint alleges that the

{B2457650}

Plaintiff, Georgia Ingram, received injuries as a result of a fall at the Target location. Plaintiff claims negligence and wantonness, among other things.

3. As set forth more fully below, this case is properly removed to the U.S. District Court for the Northern District of Alabama, pursuant to 28 U.S.C. § 1441, because the procedural requirements for removal are satisfied: There is complete diversity of citizenship between Plaintiff and Target; the amount in controversy exceeds $75,000, exclusive of interest and costs; and this Notice of Removal has been filed within thirty days of service of the summons and complaint upon Target. 28 U.S.C. § 1446(b)(2)(B); *see also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) (a defendant has thirty days from the date of service in which to seek removal).

## II. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

4. Pursuant to 28 § 1446(a), true and correct copies of all summons, process, pleadings, and orders filed in the state court action are attached hereto as Exhibit A.

5. Plaintiff's Complaint was filed in the Circuit Court of Jefferson County, Alabama, on or about March 24, 2017. The Complaint was served on Target on April 4, 2017. A copy of the Complaint and Target's receipt of service are attached hereto as Exhibit A.

6. Target is the only named defendant and timely files this Notice of Removal. *See* 28 U.S.C. § 1446(b); *Bailey*, 536 F.3d at 1205.

7. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of the fictitious defendants listed in the Complaint are disregarded for the purpose of removal under 28 U.S.C. § 1332(a).

8. The U.S. District Court for the Northern District of Alabama embraces the locality in which the state court action is currently pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

9. No previous application has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel, and a copy is being filed with the Circuit Court of Jefferson County, Alabama.

### III. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

11. Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and there is a good faith basis to conclude that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441.

**A. Complete Diversity of Citizenship Exists.**

12. Plaintiff is a resident and citizen of Alabama.

13. Target is a foreign corporation organized and existing under the laws of the state of Minnesota, with its principal place of business in Minnesota. Thus, for diversity purposes, Target is a citizen of Minnesota. *See* 28 U.S.C. § 1332(c)(1).

14. There is diversity of citizenship between Plaintiff and Target.

### B. The Amount in Controversy Exceeds $75,000.

15. The amount in controversy exceeds $75,000, exclusive of interest and costs. Although the Complaint does not allege a specific amount in controversy, the jurisdictional amount is facially apparent from the allegations in the Complaint. *See, e.g., Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("If the jurisdictional amount is either clearly stated on the face of the documents before the court or readily deducible from them, then the court has jurisdiction."); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").

16. "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 754 (11th Cir. 2010). Indeed, "[t]he law does not demand perfect knowledge or depend any less on reasonable inferences and

{B2457650}

deductions than we all do in everyday life." *Id.*; *see also Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); *Geodesic Consulting, LLC v. BBVA USA Bancshares, Inc.*, 2015 U.S. Dist. LEXIS 110102, at *3 (N.D. Ala. Aug. 20, 2015) ("[C]ourts are permitted, and indeed required, to approach the amount-in-controversy question by making 'reasonable deductions, reasonable inferences, or other reasonable extrapolations.'") (internal citations omitted).

17. Plaintiff, Georgia Ingram, alleges that she suffered injuries as a result of an alleged incident at Target's Fultondale, Alabama, location. Compl. As a result of the alleged incident, Plaintiff alleges that she suffered physical injuries. Compl. ¶11.

18. In light of Plaintiff's claims and the characterization of the damages at issue, it is readily deducible from the face of the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g., Sanderson v. Daimler Chrysler Motor Corp.*, 2007 U.S. Dist. LEXIS 75431, at *4 (S.D. Ala. Oct. 9, 2007) ("Certain injuries are by their nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied."); *Bolin v. Smithkline Beecham Corp.*, 2008 U.S. Dist. LEXIS 60241, at *9 (S.D. Fla. Aug. 7, 2008) (concluding that Plaintiff's "damage allegations alone meet Defendants'

burden to show that the amount in controversy is greater than $75,000"); *Eichorn v. Home Depot USA, Inc.*, 2007 U.S. Dist. LEXIS 70541, at *3 (S.D. Fla. Sept. 24, 2007) (concluding that Plaintiff's "alleged injuries, if proven, satisfy Defendant's burden to show that the amount in controversy is over $75,000").

19. The allegations in the Complaint satisfy Target's burden of proof to show by a preponderance of the evidence that the amount in controversy in this matter meets federal jurisdictional requirements. Accordingly, this case is removable pursuant to 28 U.S.C. §§ 1332 and 1441.

**21. If any question arises as to the propriety of this removal, Target requests the opportunity to brief any disputed issues and to present oral argument in support of its position that the case is properly removable.**

WHEREFORE, Target respectfully requests that this Court assume jurisdiction over this action as provided by law.

{B2457650}

                                               Respectfully submitted,

                                               */s/Philip G. Piggott*
                                               PHILIP G. PIGGOTT
                                               ASB-4379-P67P

                                               AMBER M. WHILLOCK
                                               ASB-0816-R79W

<u>Of Counsel</u>
STARNES DAVIS FLORIE LLP
P.O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
E-mail:  pgp@starneslaw.com
           amw@starneslaw.com

*Attorneys for Defendant Target Corporation*

## CERTIFICATE OF SERVICE

     I hereby certify that on **April 11, 2017**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Darold A. Mathews
Steven P. Smith
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

And I have placed a copy of the foregoing in the U.S. Mail, with First-Class Postage affixed to the following counsel:

                                             */s/Philip G. Piggott*
                                             PHILIP G. PIGGOTT
                                             Bar Number: ASB-4379-P67P