# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
04/04/2017
CT Log Number 530984051

TO:     Sue Carlson
        Target Corporation
        1000 Nicollet Mall
        Minneapolis, MN 55403-2542

RE:     **Process Served in Alabama**

FOR:    Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GEORGIA P. INGRAM, etc., Pltf. vs. TARGET CORPORATION, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons Civil, Complaint, Interrogatories, First Request, Notice |
| **COURT/AGENCY:** | Jefferson County Circuit Court, AL<br>Case # 01CV201790121400 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - On or about March 26, 2015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/04/2017 at 09:05 |
| **JURISDICTION SERVED :** | Alabama |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons |
| **ATTORNEY(S) / SENDER(S):** | Donald A. Mathews<br>Shunnarah Injury Lawyers, P.C.<br>3626 Clairmont Avenue<br>Birmingham, AL 35222<br>205-323-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/04/2017, Expected Purge Date: 04/09/2017<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>2 North Jackson Street<br>Suite 605<br>Montgomery, AL 36104<br>212-590-9070 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>**01-CV-2017-901214.00** |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**GEORGIA P INGRAM V. TARGET CORPORATION**

TARGET CORPORATION, C/O CT CORPORATION SYSTEM 2 N JACKSON STREET 605, MONTGOMERY, AL 36104

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DAROLD A. MATHEWS

WHOSE ADDRESS IS 3626 CLAIRMONT AVENUE, BIRMINGHAM, AL 35222 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:**

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure

Date   3/24/2017 5:24:14 PM   /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☐ Certified Mail is hereby requested          _____
                                             Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                         (Date)

_____          _____          _____
Date                          Server's Signature            Address of Server

_____          _____
Type of Server                Server's Printed Name

                                                            _____
                                                            Phone Number of Server

DOCUMENT 2

ELECTRONICALLY FILED
3/24/2017 5:21 PM
01-CV-2017-901214.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEORGIA P. INGRAM, an individual,       )
                                         )
    Plaintiff,       )
                                         )
v.                                       )       Civil Action No.:
                                         )
TARGET CORPORATION;                      )
   -and-                     )
                                         )

No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the premises in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding the dangerous condition that was hazardous to GEORGIA P. INGRAM and other patrons outside the store in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect, clean or maintain the bathroom in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the women's bathroom used by the store patrons at the store in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the hazardous condition to be present on the store bathroom in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named GEORGIA P. INGRAM; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the store in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the bathroom fixtures and/or materials present at the store in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of the Plaintiff, GEORGIA P. INGRAM, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to the Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to the Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises, (and, specifically, the bathroom areas), involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess

DOCUMENT 2

coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to the Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining and operating the section or department of the store in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to the Plaintiff, GEORGIA P. INGRAM, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff at this time, their statuses or identities as proper party Defendants are not known to the Plaintiff at this time, but their true names will be substituted when ascertained.

Defendants.

## COMPLAINT

1.   The Plaintiff, GEORGIA P. INGRAM, is an individual resident citizen of Birmingham, Jefferson County, in the State of Alabama and is over the age of nineteen (19) years of age.

2.   The Defendant, TARGET CORPORATION, is, upon information and belief, a foreign corporation which actively conducts business in the State of Alabama and specifically in this case, in Jefferson County, Alabama.

3.   At the time and place made the basis of this lawsuit, and for some time prior thereto, the fictitious party defendants are described as follows:

No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the premises in question in this lawsuit;

No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding the dangerous condition that was hazardous to GEORGIA P. INGRAM and other patrons outside the store in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect, clean or maintain the bathroom in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the women's bathroom used by the store patrons at the store in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the hazardous condition to be present on the store bathroom in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named GEORGIA P. INGRAM; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the store in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the bathroom fixtures and/or materials present at the store in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of the Plaintiff, GEORGIA P. INGRAM, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to the Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty

- 3 -

DOCUMENT 2

to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to the Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises, (and, specifically, the bathroom areas), involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to the Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to

DOCUMENT 2

assume said duty of cleaning, inspecting, maintaining and operating the section or department of the store in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to the Plaintiff, GEORGIA P. INGRAM, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff at this time, their statuses or identities as proper party Defendants are not known to the Plaintiff at this time, but their true names will be substituted when ascertained.

4.      On or about March 26, 2015, the Plaintiff was an invitee of TARGET CORPORATION at their store located at:  3489 Lowery Parkway, Fultondale, (Jefferson County), Alabama, 35068 when the Plaintiff, GEORGIA P. INGRAM, suffered an injury resulting from a broken, damaged or hazardous stall door falling upon her person.

5.      The defendants, TARGET CORPORATION, and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the Plaintiff, GEORGIA P. INGRAM, to be struck by the broken, faulty and/or hazardous stall door and suffer injuries and damages to her person by failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions; (we plead that this defect was recurring and that the store had notice of said defect).  Defendants, TARGET CORPORATION and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering, repairing and/or removing the hazardous condition, and were negligent and/or wanton in allowing or

affirmatively creating a hazard to be left and/or to remain on the parking lot in the path or natural area of invitees of the store.

6.     As a proximate and direct result of the Defendants' wrongful conduct as specifically set forth hereinafter, the Plaintiff has been injured and damaged as follows:

(a.)     The Plaintiff suffered severe injuries to her person;

(b.)     The Plaintiff was caused and will be caused in the future to undergo surgery and other medical treatment in and about an effort to cure and treat said injuries.

(c.)     The Plaintiff has incurred and will incur in the future substantial medical expenses in treatment of said injuries;

(d.)     The Plaintiff has been caused and will be caused to endure great pain and suffering;

(e.)     The Plaintiff has been caused and will be caused to suffer permanent injury that caused and will cause residual problems;

(f.)     The Plaintiff was caused to be permanently injured;

(g.)     The Plaintiff was caused to suffer mental anguish; and

(h.)     All other damages to which the Plaintiff may be entitled.

WHEREFORE, premises considered, the Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages, including interest and the costs of this action, which the Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.



## COUNT I
### (Negligence)

7.     On or about March 26, 2015, the Plaintiff, GEORGIA P. INGRAM, was an invitee of TARGET CORPORATION, located in Fultondale, Alabama, when she was

DOCUMENT 2

caused to be injured by a broken, defective, or hazardous bathroom stall door, that was present inside the store in an area intended for patrons to travel to use while they are visiting the store and shopping.

8.    The Defendants, TARGET CORPORATION and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the Plaintiff, TARGET CORPORATION, to be injured by a faulty, broken or otherwise hazardous bathroom stall door and failed to keep and maintain its premises to be free and clear of potentially hazardous conditions that were not open and obvious to its customers.  Defendants, TARGET CORPORATION and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent, negligent or uncaring in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their patrons of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly used by customers and employees.  Further, the Defendants, whether named herein or fictitiously described hereinabove, were negligent in failing to warn the Plaintiff of this dangerous condition that existed on their premises and was a hazard to their patrons or invitees.

9.    As a proximate and direct result of the Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

   (a.)   The Plaintiff suffered severe injuries to her person;

   (b.)   The Plaintiff was caused and will be caused in the future to undergo surgery and other medical treatment in and about an effort to cure and treat said injuries.

7.

DOCUMENT 2

(c.)   The Plaintiff has incurred and will incur in the future substantial medical expenses in treatment of said injuries;

(d.)   The Plaintiff has been caused and will be caused to endure great pain and suffering;

(e.)   The Plaintiff has been caused and will be caused to suffer permanent injury that caused and will cause residual problems;

(f.)   The Plaintiff was caused to be permanently injured;

(g.)   The Plaintiff was caused to suffer mental anguish; and

(h.)   All other damages to which the Plaintiff may be entitled.

WHEREFORE, premises considered, the Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages, including interest and the costs of this action, which the Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II
### (Recklessness and Wantonness)

10.   Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

11.   On or about the 26th day of March, 2015, the Plaintiff was an invitee of TARGET CORPORATION, when she was struck by a faulty, broken and/or hazardous bathroom stall door inside TARGET CORPORATION'S premises.

12.   The Defendants, TARGET CORPORATION and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the Plaintiff, GEORGIA P. INGRAM, to be struck by a

- 8 -

DOCUMENT 2

broken, faulty and/or hazardous bathroom stall door and failed to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its patrons and invitees of the aforementioned conditions. Defendants, TARGET CORPORATION and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition and were negligent and/or wanton in affirmatively creating a hazard or allowing a hazard to remain in the women's bathroom in an area that is regularly inspected by store personnel and/or subcontractors of TARGET CORPORATION in a location that would likely lead to harm to its patrons or invitees due to the location of the hazard and the well-known fact that the bathroom is constantly in use by customers and employees and that, without warning, this dangerous condition was likely to cause injury and damage to those who were not aware of this condition, as it was not easily discoverable to patrons.

13.    The Defendants, TARGET CORPORATION and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the hazard at issue in this lawsuit to be caused, placed or to remain broken, defective and or dangerous in a regularly used location that was likely to cause injury to its patrons or invitees and did cause injury to the Plaintiff.

14.    As a proximate and direct result of the Defendants' wrongful conduct as specifically set forth hereinafter, the Plaintiff has been injured and damaged as follows:

    (a.)    The Plaintiff suffered severe injuries to her person;

    (b.)    The Plaintiff was caused and will be caused in the future to undergo surgery and other medical treatment in and about an effort to cure and treat said injuries.

- 9 -

(c.)   The Plaintiff has incurred and will incur in the future substantial medical expenses in treatment of said injuries;

(d.)   The Plaintiff has been caused and will be caused to endure great pain and suffering;

(e.)   The Plaintiff has been caused and will be caused to suffer permanent injury that caused and will cause residual problems;

(f.)   The Plaintiff was caused to be permanently injured;

(g.)   The Plaintiff was caused to suffer mental anguish; and

(h.)   All other damages to which the Plaintiff may be entitled.

WHEREFORE, premises considered, the Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages, including interest and the costs of this action, which the plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT III
## (Premises Liability)

15.   Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

16.   On or about March 24, 2015, the Plaintiff, GEORGIA P. INGRAM, was an invitee of TARGET CORPORATION, located in Fultondale, Jefferson County, Alabama, when she was caused or allowed to be injured as a result of a hazard being caused or allowed to be placed or to remain in the women's restroom, in an area that was frequented and used by its patrons or invitees.

DOCUMENT 2

17.    The Defendants, TARGET CORPORATION and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed a hazard to be placed or to remain upon the bathroom in an area that was used by its patrons or invitees.

18.    At the aforesaid time and place, the Defendants, TARGET CORPORATION and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were the owners or lessees of the property and as such had a duty and responsibility to provide the Plaintiff a safe place to use the bathroom and to shop and/or otherwise do business.  Further, if any defects in their owned or leased premises existed, TARGET CORPORATION and/or the fictitious party defendants as listed and described hereinabove had the duty to warn its patrons or invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees.  Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide the Plaintiff with a safe place to go to the bathroom and by failing to warn her of the hazard and/or defect which she encountered which was known to them or which they negligently failed to detect in their use, operation and maintenance of and upon the premises.  Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

19.    Defendants, TARGET CORPORATION and one or more of the fictitious party defendants listed and described hereinabove, were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured and the materials of the women's bathroom and the materials present and repairing done

- 11 -

DOCUMENT 2

of said bathroom, (including bathroom stall doors) and for establishing patterns, cycles and systems of inspection of the bathrooms prior to and at the time and place of the occurrence made the basis of Plaintiff's complaint and negligently and/or wantonly caused or allowed the Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to the Plaintiff in causing or allowing the women's bathroom stalls to be unreasonably dangerous and/or hazardous due to the dangerous condition being present upon the stall's door and causing a hazard, either in and of itself or in conjunction with the repair or maintenance of said bathroom stalls or the failure to maintain and repair said bathroom stalls. Said Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the women's bathroom was maintained and presented to the patrons or invitees and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

20.    Plaintiff avers that the Defendants, whether named herein or fictitiously described in the caption hereinabove, negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to the Plaintiff. The Defendants, TARGET CORPORATION and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, negligently, wantonly, recklessly and/or willfully caused or allowed the hazard to remain in a main travel area in close proximity to the business's building and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable

length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

21.    At the aforesaid time and place, the Defendants, TARGET CORPORATION and one or more of the fictitious party defendants listed and described in the caption hereinabove, did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

22.    The Defendants, TARGET CORPORATION and one or more of the fictitious party defendants listed and described in the caption hereinafter, negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

23.    Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of the Defendants, TARGET CORPORATION and the fictitious party defendants listed and described hereinabove.

24.    The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants, including the fictitious party defendants, combined and concurred, and as a proximate cause thereof, the Plaintiff was caused to be severely injured.

25.    As a proximate and direct result of the Defendants' wrongful conduct as specifically set forth herein, Plaintiff has been injured and damaged as follows:

    (a.)    The Plaintiff suffered severe injuries to her person;

DOCUMENT 2

(b.)    The Plaintiff was caused and will be caused in the future to undergo

surgery and other medical treatment in and about an effort to cure and treat said injuries.

(c.)    The Plaintiff has incurred and will incur in the future substantial medical

expenses in treatment of said injuries;

(d.)    The Plaintiff has been caused and will be caused to endure great pain and

suffering;

(e.)    The Plaintiff has been caused and will be caused to suffer permanent

injury that caused and will cause residual problems;

(f.)    The Plaintiff was caused to be permanently injured;

(g.)    The Plaintiff was caused to suffer mental anguish; and

(h.)    All other damages to which the Plaintiff may be entitled.

WHEREFORE, premises considered, the Plaintiff respectfully demands judgment

against the Defendants, jointly and severally, for compensatory and punitive damages,

including interest and the costs of this action, which the Plaintiff seeks to recover, to be

assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV.
### (Negligent, Reckless and Wanton Supervision in Training)

26.    Plaintiff hereby realleges and reavers all of the allegations contained in the

preceding paragraphs of this Complaint the same as if here again set out in both letter and

number.

27.    The Defendants, TARGET CORPORATION and one or more of the fictitious

party defendants listed and described hereinabove, were under an obligation and duty to

train employees of Defendant TARGET CORPORATION and other employees or

contractors, (i.e. – Fictitious Party Defendants), to make sure that there are not hazards

present, not easily discoverable or discernable to patrons, so as not to cause or allow there to be any unreasonable dangers for customers of the store.

28.     The Defendants, TARGET CORPORATION and one or more of the fictitious party defendants listed and described hereinabove, were under an obligation and duty to train and supervise store employees to properly inspect the commercial areas or areas accessible to their patrons or invitees so that there are no dangerous conditions not readily discoverable to their patrons or invitees.

29.     The Defendants negligently, wantonly and recklessly failed to properly train employees to inspect and to keep the store area free and clear of dangerous conditions. The Defendants' failure to properly train its employees directly resulted in the Plaintiff's injuries as described herein.

30.     As a direct and proximate consequence of the Defendants' negligent, reckless and wanton training and supervision, Plaintiff was injured and damaged as follows:

        (a.)     The Plaintiff suffered severe injuries to her person;

        (b.)     The Plaintiff was caused and will be caused in the future to undergo surgery and other medical treatment in and about an effort to cure and treat said injuries.

        (c.)     The Plaintiff has incurred and will incur in the future substantial medical expenses in treatment of said injuries;

        (d.)     The Plaintiff has been caused and will be caused to endure great pain and suffering;

        (e.)     The Plaintiff has been caused and will be caused to suffer permanent injury that caused and will cause residual problems;

        (f.)     The Plaintiff was caused to be permanently injured;

(g.)    The Plaintiff was caused to suffer mental anguish; and

(h.)    All other damages to which the Plaintiff may be entitled.

WHEREFORE, premises considered, the Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages, including interest and the costs of this action, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT V

31.    The Plaintiff hereby adopts and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

32.    Fictitious party Defendants identified and described hereinabove, whether singular or plural, are those other persons, firms, corporations, partnerships or entities whose wrongful conduct caused or contributed to cause the injuries or damages to the Plaintiff.

33.    As a proximate result of said negligence, intentional conduct, willfulness and/or wantonness of said Defendants, the Plaintiff was caused to be injured and damaged as described herein.

(a.)    The Plaintiff suffered severe injuries to her person;

(b.)    The Plaintiff was caused and will be caused in the future to undergo surgery and other medical treatment in and about an effort to cure and treat said injuries.

(c.)    The Plaintiff has incurred and will incur in the future substantial medical expenses in treatment of said injuries;

(d.)    The Plaintiff has been caused and will be caused to endure great pain and suffering;

**DOCUMENT 2**

(e.)   The Plaintiff has been caused and will be caused to suffer permanent injury that caused and will cause residual problems;

(f.)   The Plaintiff was caused to be permanently injured;

(g.)   The Plaintiff was caused to suffer mental anguish; and

(h.)   All other damages to which the Plaintiff may be entitled.

WHEREFORE, premises considered, the Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages, including interest and the costs of this action, which the Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

DAROLD A. MATHEWS  (MAT051)

/s/ Steven P. Smith
Steven P. Smith (SMI206)

PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY.

DAROLD A. MATHEWS (MAT051)

OF COUNSEL:

Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877 – FAX

- 17 -

DOCUMENT 2

Plaintiff's Address:

GEORGIA P. INGRAM
c/o Darold A. Mathews
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222


PLEASE SERVE DEFENDANT BY SHERIFF:

TARGET CORPORATION
c/o CT Corporation System, its Registered Agent
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

- 18 -

DOCUMENT 3



## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEORGIA P. INGRAM, an individual,          )
                                           )
     Plaintiff,                           )
                                           )
v.                                         )          Civil Action No.:
                                           )
TARGET CORPORATION, et al.,                )
                                           )
     Defendants.                          )

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT TARGET CORPORATION

COMES NOW the Plaintiff, GEORGIA P. INGRAM, in the above-styled cause and, pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, propounds to the Defendant, TARGET CORPORATION, the following interrogatories to be answered and responded to pursuant to Rule 33 of the ALABAMA RULES OF CIVIL PROCEDURE.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter and (b.) matters on which he/she is expected to testify and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a.) you know that the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

### DEFINITIONS

· Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

DOCUMENT 3

"You" or "Yours" shall mean the Defendant and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian.  If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence at the TARGET CORPORATION store in Fultondale, Alabama, which caused injury to GEORGIA P. INGRAM on or about March 26, 2015.

## INTERROGATORIES

1.    Are you named correctly in the complaint?  If not, how should you be correctly designated in an action at law?

RESPONSE:

2.    Please list and identify each employee of this Defendant who has knowledge, in any way, of the incident made the basis of this suit.

DOCUMENT 3

RESPONSE:

3.    Please state the most current information regarding the name, address and
telephone number of every employee who worked on March 26, 2015, at Fultondale,
Alabama, TARGET store where the incident made the basis of this suit occurred and
state his/her position and job responsibilities.

RESPONSE:

4.    Please identify each person who has knowledge concerning the facts
surrounding the incident made the basis of this suit.

RESPONSE:

5.    Please identify each person from which you have obtained a statement
concerning the incident made the basis of this lawsuit.

RESPONSE:

6.    Please identify the person, firm and/or corporation who was responsible
for the inspection, cleaning and/or maintenance of the bathroom area in which the
Plaintiff was injured.

DOCUMENT 3

RESPONSE:

7.      Please state whether you had any warning signs posted in the vicinity complained of herein at the time of Plaintiff's injury.

RESPONSE:

8.      If you contend that warning signs were posted, please state the substance and location of each sign.

RESPONSE:

9.      Please state whether any other person had ever had the women's bathroom stall door fall upon them or complained of the door or other hazard where Georgia P. Ingram was injured, prior to the incident made the basis of this lawsuit.

RESPONSE:

10.     If the above response is affirmative or "yes", please state what steps, if any, you took to repair the hazard present and identify the individual responsible for performing the task or attempting to perform the task.

RESPONSE:

11.     Please identify the specific piece of the women's bathroom stall door which failed, broke or was otherwise involved in the bathroom stall door falling upon the Plaintiff.

RESPONSE:

- 4 -

DOCUMENT 3

12.    Please identify any and all individuals, businesses, subcontractors or other entities who had built, created, repaired or used the women's bathroom stall door or hazard in the five (5) years preceding this fall and injury.  Had any of them been contracted to repair the complained-of condition?

RESPONSE:


13.    If there had been any bathroom work done whatsoever in the bathroom where the Plaintiff was injured, state the following:

        (a.)    whether any maintenance had been performed on this particular stall door within one year of this incident;

        (b.)    a description of the reason for any maintenance otherwise being performed in that bathroom at issue;

        (c.)    the dates of all maintenance; and

        (d.)    the name, address and telephone number of all individuals/entities performing any maintenance to any bathroom component, door or fixture whatsoever or otherwise involving the complained-of area.

RESPONSE:


14.    Please identify each expert that you plan on having testify at the trial of this cause, including any and all medical experts.  Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26

DOCUMENT 3

and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

RESPONSE:

15.    Please state in detail each and every fact known to you or made known to you through third parties concerning how the incident made the basis of this suit occurred and identify each said person.

RESPONSE:

16.    If you contend that the Plaintiff was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

RESPONSE:

17.    If you contend that the Plaintiff assumed the risk of her injuries, please state each and every fact upon which you rely in support of said contention.

RESPONSE:

-6-

18.   If you contend the hazard which caused the Plaintiff injury was open and obvious, then please state each and every fact upon which you rely for that assertion.

RESPONSE:

19.   Please state in detail your knowledge, as well as each and every employee's knowledge, concerning the presence of a hazardous condition present in or about the women's bathroom in which the Plaintiff was injured.   Additionally, please identify each and every person who had knowledge concerning the presence of the hazardous condition in the women's bathroom area prior to the Plaintiff's injury.

RESPONSE:

20.   Please state whether you have any policy, procedure or safety program instituted regarding maintaining your store's premises in a safe condition.   If so, please state the substance of said policy, procedure or safety program and who administers said program.

RESPONSE:

21.   Please state precisely and descriptively the location in the store where the event made the basis of this suit occurred.

RESPONSE:

22.   Please identify by name and address the individual responsible for answering these interrogatories.

RESPONSE:

23.   Have you been advised that these interrogatories and the accompanying requests for production are required to be answered under oath?

RESPONSE:

24.   Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for this Defendant arising out of the incident made the basis of this lawsuit.

RESPONSE:

25.   For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of the document).

RESPONSE:

26.   What are the components or checklist items for each inspection which Target requires to be performed on each of its bathrooms during the business day? Provide a checklist that is typically attached to the inside of each bathroom door. Was there a checklist for the day at issue in this lawsuit?

DOCUMENT 3

/s/ Darold A. Mathews
Darold A. Mathews  (MAT051)

OF COUNSEL:

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
205-323-1000
205-323-1877 – Fax
dmathews@asilpc.com

DOCUMENT 4

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEORGIA P. INGRAM, an individual,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　Civil Action No.:
　　　　　　　　　　　　　　　　　　)
TARGET CORPORATION, et al.,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　)

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT TARGET CORPORATION

COMES NOW the Plaintiff, GEORGIA P. INGRAM, in the above-styled cause and pursuant to the ALABAMA RULES OF CIVIL PROCEDURE propounds to the Defendant TARGET CORPORATION the following requests for production to be answered and responded to within the next thirty (30) days.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter, and (b.) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify, and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a.) you know the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

DOCUMENT 4

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" and "Yours" shall mean the defendant and each of its employees, agents, or representatives and all others acting on its behalf.

"Persons" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded or transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with a reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian. If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

-2-

RESPONSE:

2.    Please produce a complete and accurate copy of any security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

RESPONSE:

3.    Please produce a copy of any still color photographs taken of the Plaintiff at any time since the incident that is the basis of this suit.

RESPONSE:

4.    Please produce a complete and accurate copy of any policy, procedure or safety program in place at the time of the incident made the basis of this suit, regarding the maintenance of bathrooms within the Defendant's stores, including but not limited to the Defendant's store where the incident made the basis of this suit occurred, to ensure a safe condition for your customers.

RESPONSE:

5.    Please produce a complete and accurate copy of any and all documents, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

RESPONSE:

6.    Please produce a complete and accurate copy of the time sheets, punch cards or other method for accounting for your employees present and for their time worked on March 26, 2015, along with any and all checklists for this particular bathroom for the thirty (30) days preceding this incident and injury to the Plaintiff.

- 3 -

RESPONSE:

7.    Please produce a complete and accurate transcript of any statements obtained from the Plaintiff.

RESPONSE:

8.    Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

RESPONSE:

9.    Please produce a complete and accurate transcript of any correspondence between you and the Plaintiff or her representative or between your representative and the Plaintiff occurring before the Plaintiff filed this lawsuit.

RESPONSE:

10.    Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

RESPONSE:

11.    Please produce a current *curriculum vitae* of any expert that you intend to call to testify at the trial of this case.

RESPONSE:

12.    Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

RESPONSE:

13.    Please produce a complete and accurate copy of any and all policies of insurance which will or may provide coverage to this Defendant in the subject litigation.

RESPONSE:

**DOCUMENT 4**

14.    Please produce a copy of all records obtained regarding the Plaintiff.
[You have a continuing duty to supplement this request.  Additonally, please consider
this a formal request for all records obtained pursuant to Rule 45 of the ALABAMA
RULES OF CIVIL PROCEDURE].

  RESPONSE:


  /s/  Darold A. Mathews
  Darold A. Mathews (MAT051)

OF COUNSEL:

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
205-323-1000
205-323-1877 – Fax
dmathews@asilpc.com

-5-

DOCUMENT 5



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEORGIA P. INGRAM, an individual,       )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )       Civil Action No.:
                                         )
TARGET CORPORATION, et al.,              )
                                         )
        Defendants.                      )

## NOTICE TO THE CLERK OF THE CIRCUIT COURT OF FILING DISCOVERY REQUESTS TO THE DEFENDANT TARGET CORPORATION WITH THE COMPLAINT

COMES NOW the Plaintiff, Georgia P. Ingram, and notifies the Clerk of this Circuit Court that she has filed the following with her complaint against Target Corporation:

- Interrogatories to the Defendant Target Corporation
- Request for Production to Defendant Target Corporation

                                   /s/ Darold A. Mathews
                                   Darold A. Mathews
                                   One of the Attorneys for the Plaintiff



ELECTRONICALLY FILED
3/24/2017 5:36 PM
01-CV-2017-901214.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEORGIA P. INGRAM, an individual,　　　）
　　　　　　　　　　　　　　　　　　　）
　　　　Plaintiff,　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　　　 ）　　　Civil Action No.:  CV 2017-901214
　　　　　　　　　　　　　　　　　　　）
TARGET CORPORATION, et al.,　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　　Defendants.　　　　　　　　　　）

## NOTICE OF APPEARANCE OF STEVEN P. SMITH ON BEHALF OF THE PLAINTIFF

COMES NOW the undersigned, Steven P. Smith, (SMI206), and enters an

appearance as additional counsel on behalf of the Plaintiff, Georgia P. Ingram.

/s/ Steven P. Smith
Steven P. Smith